IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRUE QUOTE LLC,<br><br>                Plaintiff,<br><br>  -against-<br><br>LIVEVOL, INC.,<br><br>                Defendant. | Case No. 13-cv-9115<br><br>Hon. Joan B. Gottschall |

## DECLARATION OF ANDREW T. SOLOMON

ANDREW T. SOLOMON, pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am a partner with the law firm of Sullivan & Worcester LLP, attorneys for the defendant, Livevol, Inc. ("Livevol"). I submit this declaration, based on my personal knowledge, in opposition to True Quote, LLC's ("True Quote") motion to dismiss counterclaims and motion to strike affirmative defenses (the "Motions") on the ground of mootness in that Livevol responded to the Motions by filing an amended answer and counterclaims.[1] Livevol's Amended Answer and Counterclaims is docketed with the Court at Dkt. No. 20.

2.     By way of procedural history, True Quote originally filed this lawsuit in state court, but Livevol removed the action to federal court based on diversity of citizenship. On January 7, 2014, Livevol served its original answer and counterclaims to True Quote's complaint. Under Fed. R. Civ. P. 7(a)(3) and 12(a)(1)(B), a responsive pleading to Livevol's

---

[1] In the interest of efficiency and since the principles of law are so well established, Livevol is not filing a formal memorandum of law with this opposition. These principles are as follows: a pleading superseded by a subsequent amended pleading is a nullity. *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir. 1955) ("The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio."). As such, the filing of an amended pleading in response to a motion to dismiss moots the motion. *See, e.g., Aqua Fin., Inc. v. Harvest King, Inc.*, 07-C-015-C, 2007 WL 5404939 (W. D. Wis. Mar. 12, 2007).

counterclaims was required. Thereafter, on January 23, 2014, True Quote filed the Motions attacking Livevol's original pleading. On February 13, 2014, pursuant to Fed. R. Civ. P. 15(a), Livevol timely filed its amended answer and counterclaims with the purpose of correcting the alleged pleading defects that True Quote had raised. A copy of a redline comparing the amended answer to the original answer is attached hereto as Exhibit A.

      3.      The purpose of Livevol's amendment was to address the issues raised in True Quote's Motions. Thus, *e.g.*, True Quote claimed that Livevol failed in the original counterclaims to allege conduct by the Plaintiff. (*See* Memorandum of Law in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims (Dkt. No. 12) ("Pl.'s Counterclaims Mem.") at p. 1-2). In the amendment, Livevol clarified that True Quote's conduct was through its agents, Kimberly Kramer and Evan Jones. (*See* redline at p. 11 & 12). True Quote also asserted that Livevol failed to allege that it provided services to True Quote or that Livevol suffered a detriment. (Pl.'s Counterclaims Mem. at p. 6-7). Livevol responded by explaining the various services it provided to True Quote, including improvements to True Quote's software (the "Software"), use of Livevol's technology infrastructure, and payment of True Quote's vendors' fees. (*See* redline at p. 14-15). Livevol also made clear it suffered a detriment as Livevol paid for the improved Software that is in True Quote's possession. (*See* redline at p. 15-16). Finally, True Quote claimed that it could not be liable for Kramer's personal theft of trade secrets. (Pl.'s Counterclaims Mem. at 7-8). In response, Livevol dropped that claim from this lawsuit, without prejudice to reasserting it in a separate action. (*See* redline page at p. 16-18).

      4.      As a result of the amendment, we had hoped to avoid filing any papers in response to the Motions. Indeed, we asked True Quote to withdraw the Motions. True Quote

was unwilling to go that far, although, on February 25, 2014, counsel for True Quote did say that True Quote intends to file an answer to Livevol's amended answer and counterclaims, and that the plaintiff believes the Motions are now moot. *See* February 25, 2014 email chain between Brendan P. McGarry and Andrew T. Solomon, attached as Exhibit B. But without a formal withdrawal, this filing is necessary out of an abundance of caution. 6 Wright & Miller, Federal Practice and Procedure § 1476 (3d ed.); *see also*, *Burick v. Edward Rose & Sons*, 18 F.3d 514, 516 (7th Cir. 1994) (suggesting that counsel who fail to respond to a pending motion to dismiss as ordered by the court and instead choose to rely on an amended pleading might be subject to sanctions).

5. As Livevol timely filed its amended answer and counterclaims, True Quote's Motions, based on Livevol's original answer, should be dismissed as moot.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 26, 2014.

/s/ Andrew T. Solomon_____
Andrew T. Solomon

3